## Van Cott vs. The Board of Supervisors of Milwaukee County and others.

A court of equity has no jurisdiction to restrain the collection of taxes illegally or improperly assessed upon personal property, inasmuch as the party injured has an ample legal remedy by action against the municipal corporation to which the money is paid or for which it is collected.

Whether a defendant waives an objection to the jurisdiction of the court by not demurring distinctly on that ground, or whether the question of jurisdiction can be properly presented on a motion to dissolve a temporary injunction for want of equity, is not here decided; but the counsel on both sides, on appeal from an order granting such a motion, having treated the question as properly presented, this court affirms the order, on the ground that the court below had no jurisdiction to grant the injunction.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action to restrain the board of supervisors, the treasurer and the sheriff of Milwaukee county, from enforcing the collection of certain taxes assessed upon the personal property of the plaintiff for the year 1861, and which are alleged to have been unjustly and illegally assessed, and to be much larger in amount than the plaintiff was justly liable to pay. As the decision does not turn upon the special allegations of the complaint, designed to show the illegal manner in which the assessment was made, they are here omitted.

The complaint contained an allegation that the treasurer and sheriff, and the members of the county board of equalization (by which board the alleged illegal assessment of the plaintiff's personal property was made), were, by reason of their liability to numerous persons for similar illegal assessments, " utterly insolvent," and therefore the plaintiff would have no remedy at law for the wrong which was about to be committed against him.

An injunctional order having been obtained, the defendants moved to dissolve the same upon the complaint alone, for want of equity; and from an order granting this motion, the plaintiff appealed.

*Peckham & Bloodgood*, for appellant :

Equity has jurisdiction to prevent the trespass threatened in

this case, 1. On account of the insolvency of the parties about to commit the trespass. *Hart v. Mayor of Albany*, 3 Paige, 213. The insolvency referred to by the rule is not technical commercial insolvency or bankruptcy, but such a state of facts in respect to the circumstances and liabilities of the defendants as would endanger the collection of any damages recovered at law.—Owners of contingent claims for damages, and of mere claims for tort, are allowed to avail themselves of the privileges of creditors in setting aside fraudulent conveyances. *Van Wyck v. Seward*, 18 Wend., 406 ; *Jackson v. Myers*, 18 Johns., 425. Much more will the facts disclosed by the complainant justify equitable interference for want of an adequate remedy at law. It is no answer to say that the plaintiff might have paid the tax under protest, and then have brought his action for money had and received. The rule is, that if the plaintiff could have no remedy or no adequate one at law *upon the trespass*, the defendant may be enjoined. 2. The nature of the case and the character of the parties render it certain that the trespass will be committed if not enjoined. This removes one of the main grounds of objection to the granting of an injunction against a trespass, viz., the possibility that the trespass may not be committed—the existence of a *locus pœnitentiœ*. In *Osborn v. Bank of U. S.*, 9 Wheat., 730, a bill was filed to enjoin an anticipated trespass on personal property, being a levy to collect a tax. It was not claimed that any irreparable injury would result from the trespass feared, and no insolvency was alleged ; but the court sustained the bill on the ground of the great certainty of the act being committed.

*By the Court*, DIXON, C. J. After a careful examination of the subject, we are persuaded that a court of equity has no jurisdiction to restrain the collection of taxes illegally or improperly assessed upon personal property. Our reasons, in brief, are, that by the wrong, such as is complained of here,

no irreparable mischief is threatened—no cloud is thrown over the title to real estate, which a court of equity may be called upon to remove; and the plaintiff has an ample remedy at law. To say nothing of the special remedies given by statute, which, with diligence and attention on the part of the tax payer, will often prove effectual, and nothing of the remedies by *certiorari, mandamus,* prohibition &c., as heretofore applied in such cases, it seems to us that the remedy by action against the assessors, in cases where they exceed their jurisdiction, and the right which the party always has to recover back the money paid for taxes illegally imposed, if collected by distress and sale of his goods, or if, upon the levying of a warrant, he pays the tax to save his property, constitute a complete answer to the application to a court of equity to restrain or prevent the collection. With this right of action against the corporation or body politic to which the money is paid or for which it is collected, to recover it back, there would seem to be no more propriety in the interference of equity to stay the proceeding than in the most common case of trespass or wrong. There can be no pretense of irreparable injury. At most it is but a proceeding to take such a sum of money, or such a definitely ascertainable value of property, for which, in the judgment both of law and of equity, the return of a like sum will be full compensation.

The principle that the county is liable in an action at law for moneys illegally collected by its treasurer for taxes, was sanctioned by this court in *Norton v. Supervisors of Rock County,* 13 Wis., 611 ; and the numerous authorities to the same effect will be found very fully collected by Judge WOODRUFF in his opinion in *Wilson v. The Mayor &c. of New York,* 4 E. D. Smith, 675 ; *Same case,* 1 Abbott's Pr. R., 4. And in that opinion will also be found the most able and thorough examination of the jurisdiction of equity in such cases, and review of the authorities, to be met with, fully justifying the encomiums of Judge DUER in *N. Y. Life Insurance Co. v. Supervisors*

&c. of New York, 4 Duer, 192, and rendering particular comment or investigation on our part quite unnecessary. Besides the case last cited, it was followed in *Chemical Bank v. The Mayor &c. of New York*, 1 Abb. Pr. R., 79; and the same question was decided in the same way by the supreme court of Connecticut in 1856. *Dodd v. City of Hartford*, 25 Conn., 232.

*Wilson v. The Mayor &c.* was in almost every respect like the case at bar. The inability of the receiver of taxes, and of the constable to whom the warrant was issued, to respond in damages, was alleged; but that circumstance was held to furnish no ground for equitable relief, for the reasons already suggested.

Whether the question of jurisdiction is properly presented in this case, we are unable to determine. We assume that it is, from the fact that it is presented and argued in the briefs of counsel on both sides. The cause comes up by appeal from an order dissolving a temporary injunction. The printed case contains nothing but the complaint, and the record shows nothing but the motion and order to dissolve. We are informed, however, by the brief of the appellant's counsel, that the defendants demurred to the complaint and at the same time moved to dissolve the injunction on the complaint itself. What the ground of demurrer was, whether that the court had no jurisdiction of the subject of the action, or that the complaint does not state facts sufficient to constitute a cause of action, we are not informed.

Judge WOODRUFF seems to be of opinion that, to take advantage of the want of jurisdiction, the demurrer must be placed distinctly on that ground. He, notwithstanding, determined the question of jurisdiction, upon a demurrer that the complaint did not state facts to constitute a cause of action, counsel raising no objection. Whether the defendant waives the objection and consents to the jurisdiction by not demurring on that distinct ground, or whether the question of jurisdiction

can be properly presented on a motion to dissolve a tempora-
ry injunction, we will not now undertake to say.    It is enough
that counsel have treated the question as fairly and properly
presented.

Order affirmed.