## CHICAGO & NORTH-WESTERN RAILWAY COMPANY vs. THE BOROUGH OF FT. HOWARD and another.

*Injunction : Sale of rolling stock of R. R., for taxes.*

1. The general rule that equity will not restrain the sale of personal property for illegal taxes, adhered to in the case of a threatened levy upon the rolling stock of a railroad company.
2. Such rolling stock, though declared by sec. 34, ch. 79, R. S., to be a fixture, is such only for the purposes contemplated in that section, and is liable to seizure and sale for delinquent taxes, as personal property.

APPEAL from the Circuit Court for *Brown* County.

Action to restrain the collection of a tax. The complaint alleges in substance that defendant is, and on the 6th of July, 1865, was, the owner in fee of about eighty-three acres within

the limits of the *Borough of Ft. Howard;* that the whole of said premises were on that day, by ch. 173, laws of 1860, exempt from taxation ; that nevertheless on that day the premises, excepting certain specified parts thereof, were assessed for taxation at a gross aggregate valuation by the assessor of said borough ; that the portion so assessed consisted of three distinct pieces of land, to wit, a strip off the western side of said tract, an area of about three acres enclosed within the pickets of Ft. Howard, and a tract surrounded by the waters of Fox River, leased by the plaintiff, and upon which the lessees had erected, pursuant to the provisions of the lease, a grain elevator &c.; that the greater part of the value of the premises so assessed consisted in the said elevator and appurtenances, but by reason of the valuation having been made in gross, plaintiff could not determine what part of the taxes (if any part of said premises were taxable) said lessees ought to pay, and would be deprived of all recourse against them, if it should pay the whole of the taxes so assessed ; and that plaintiff was ready and willing to pay such taxes, in whole or in part, so far as they should be declared legal. The complaint then alleges in the usual form that the defendant *Schwartz,* treasurer of said borough, would levy upon the property of the plaintiff, particularly its rolling stock &c., unless restrained by the court; and demands an injunctional order and judgment.

The county judge granted an injunctional order. Afterwards, upon affidavits relating to the liability of said premises to taxation, the amount of property owned by defendants, liable to execution, &c., the circuit court vacated such injunctional order; and the plaintiff appealed.

*Wm. H. Norris, Jr.,* (with whom was *S. R. Cotton,* of counsel,) for appellant, argued that the whole property was exempt from taxation (Resolution of Congress, of April 25, 1862 ; Laws of 1860, ch. 173 ; Laws of 1862, ch. 338 ); that if the elevator and appurtenances were not exempt, they should be assessed

to the lessees of the land (Laws of 1865, ch. 538, secs. 2, 7, 12, 19, 20, 23, 24; Blackwell, 2d ed., 422–6; *Evertsen vs. Sawyer*, 2 Wend., 509), and the whole assessment was void for that reason (*Barker vs. Blake*, 36 Me., 433; *Crane vs. City of Janesville*, 20 Wis., 305; *Cardigan vs. Page*, 6 N. H., 182; *Nelson vs. Pierce*, id., 194; *Ainsworth vs. Dean*, 1 Foster, 400; *Brown vs. Veazie*, 25 Me., 359; *Merritt vs. Thompson*, 13 Ill.. 716; *Shimmin vs. Inman*, 26 Me., 228); that the rolling stock of a railroad is a fixture, or real estate, and not subject to levy and sale for collection of taxes (R. S., ch. 79, sec. 34; *F. L. & T. Co. vs. Hendrickson*, 25 Barb., 484; *Coe vs. Pennock*, 6 Law Reg., 27); and that this is a proper case for an injunction (Willard's Eq., 347, 357, 382; 6 Johns. Ch., 497; *Warden vs. Fond du Lac Co.*, 14 Wis., 618; *Mitchell vs. Milwaukee*, 18 id., 97). Under the assessment it is impossible to determine what part of the tax the lessees of the company ought to pay. If they are improperly compelled to pay taxes which the company ought to pay, they have a remedy over against the company, by statute (R. S., ch. 18, sec. 165), but this remedy does not exist in favor of the landlord. For distress and sale of the rolling stock, damages at law would not afford adequate compensation. (1.) In *trespass de bonis* or *trover*, especially against an officer, the measure of damages is usually only the value and interest. And the treasurer's warrant, being regular, would protect him as to a levy and sale of any property liable thereto. *Sprague vs. Burchard*, 1 Wis., 457–67. (2.) Personal property levied upon for taxes cannot be replevied. (R. S., ch. 128, sec. 2, subd. 4.) And rolling stock could not be replevied because it is a fixture. (3.) In an action as for trespass to real estate, the measure of damages would be the diminution of value occasioned to the entire estate, that is, in this case, the value of the rolling stock taken, and interest. *Jones vs. Gooday*, 8 M. & W., 146. From the nature of the business of a railroad company, the real damages resulting from a seizure of its rolling stock would be

incapable of estimation, and no measure of damages recognized as legal would compensate.—Counsel further argued that no execution was issuable against the borough, and that the affidavits used on the motion to vacate, did not show defendants adequately responsible for damages.

*E. H. Ellis*, for respondent :

1. If the treasurer should wrongfully levy upon personal property, the company could maintain an action against him, or the assessor, for damages ; or if the taxes were collected and received by the borough, they could be recovered back by action against it. The company could also pay the taxes under protest, and recover back the amount. 2 Story's Eq. Jur. (5th ed.), § 959, and note 1 ; *Thompson v. Matthews*, 2 Edw., 212 ; *Bouton v. City of Brooklyn*, 15 Barb., 398 ; *Van Cott v. Milwaukee Co.*, 18 Wis., 247 ; *Betts v. Williamsburg*, 15 Barb., 255. 2. By sec. 6, ch. 18, R. S., and sec. 19, ch. 538, Laws of 1865, the land on which the elevator is built might be assessed either to the plaintiff or its lessees. 3. If plaintiff and the lessees should fail to agree as to the just proportion of the tax to be paid by each, why may not a court of equity determine it for them in a proper action ?

Cole, J.   As we understand the allegations of the complaint in this case, the suit is instituted to restrain the officers of the *Borough of Ft. Howard* from levying upon and selling the personal property of the railroad company for the purpose of collecting a tax. The complaint, after setting forth various matters which we do not deem it necessary now to refer to, contains this material allegation : "That, as the plaintiff is informed "and believes, the council of said borough have ordered the "said treasurer, the defendant *Schwartz*, to proceed to the collection of the whole tax aforesaid, so assessed and levied "against the said plaintiff; that the said *Schwartz*, as such "treasurer, by virtue of the said warrant and the said order of

"said council, threatens to, and, as the plaintiff believes and "fears, will, unless restrained therefrom by the injunctional "order and judgment of this court, attempt and proceed to the "collection of said whole tax by levying distress upon and "selling, or attempting to levy distress upon and to sell, the "property of the plaintiff, and particularly the rolling stock of "the plaintiff used and employed by it in connection with its "said railroad, and also personal property of the said plaintiff "which is exempt from taxation by virtue of the statute of "exemption aforesaid."

Now assuming that, for some or all the reasons stated in the complaint, the tax attempted to be collected is illegal and void, the question arises, should a court of equity interfere by way of injunction to restrain the treasurer from levying upon and selling the personal property of the company to pay this tax? In other words, should the court interfere to prevent a mere trespass, where the remedy of the injured party would be complete by an action at law? These questions have, in effect, already been answered in the negative, in the case of *Van Cott v. Board of Supervisors of Milwaukee Co.*, 18 Wis., 247 ; and it is clear from the authorities that this decision rests upon well settled principles. In our investigations upon this subject, however, we have fallen in with the case of *Spencer v. Wheaton*, 14 Iowa, 38, where a bill filed to restrain the defendants from selling certain personal property seized for the purpose of paying the complainant's taxes was sustained; but this case is in conflict with the great weight of authority, and we are not disposed to follow it.

That a court of equity will not interfere by injunction to prevent a mere trespass, where there are no peculiar circumstances connected with the parties or the transaction which render the remedy by law inadequate, is an elementary principle of equitable jurisprudence. 2 Story's Eq. Jur., § 928; also, in addition to authorities referred to in the *Van Cott* case, see

*The Mechanics' & Traders' Bank v. De Bolt*, 1 Ohio St., 591; *Exchange Bank of Columbus v. Hines*, 3 id., 2–36; *Lockwood v. City of St. Louis*, 24 Mo., 20. No facts or circumstances are stated in the complaint which show that the company will not have a complete remedy at law in an action of trespass, if the officers of the borough illegally interfere with the rolling stock of the plaintiff.

It is suggested that our statute makes the rolling stock of a railroad company a fixture, and that the court should interfere upon the same ground that it will prevent the creation of a cloud upon the title of real estate. It is true the statute does declare that the rolling stock of a railroad corporation shall be a fixture; but this is obviously for the purpose of enabling such corporations the more readily to give valid liens and mortgages upon their property. But the statute does not contemplate that in respect to all the legal remedies of parties a car or locomotive should be treated as real estate. It would hardly be contended, if the treasurer wrongfully seized a car and sold it to pay the tax mentioned in the complaint, that the company would be required to bring an action of ejectment to obtain possession of its car. And hence, notwithstanding this statute, which for certain purposes makes the rolling stock of the plaintiff a fixture, yet if the treasurer seizes upon such property without authority or legal warrant, he will clearly be liable to an action for the trespass committed by him. And besides, the treasurer may seize other personal property belonging to the company, such as wood or lumber, or something of the kind, to pay the tax. As the complaint does not present a case which would warrant the interference of a court of equity, we think the injunction was properly vacated and set aside by the circuit court.

*By the Court.*—The order appealed from is affirmed, with costs.