LENZ vs. CHARLTON, County Treasurer, and another.

*Constitutional law: Summary process against public officers and their sureties.—Injunction.*

1. *It seems* that so much of section 105, chapter 18, R. S., as authorizes the sheriff, on the warrant of the county treasurer, summarily to levy on the goods of *the sureties* of a town treasurer, in case of a default by the latter to pay over or account for moneys in his hands, is unconstitutional.

2. But such levy, and a sale of the goods, will not be restrained by injunction, there being an adequate legal remedy.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff was a member of the firm of Lenz & Co., merchants in the city of Madison, and one of the sureties on the bond executed in 1867 by George Memhard, treasurer of said city, to the treasurer of Dane county, for the payment to said

county treasurer of all moneys received by Memhard for state and county taxes. In April, 1868, *Charlton*, as county treasurer, issued his warrant to the sheriff, as one of the defendants in this action, reciting that said Memhard did unlawfully withhold the payment of $4,112.99 of the county taxes levied upon the city of Madison and collected by him as city treasurer, and directing the sheriff to levy and collect that amount out of the property of the said Memhard and his sureties within sixty days. By virtue of this warrant, the sheriff levied at once upon the plaintiff's interest in the property of the firm of Lenz & Co., and was about to advertise and sell the same, when the plaintiff applied for an injunction to restrain further proceedings against him under the warrant. Upon the complaint, a temporary injunctional order was obtained; but on the trial this order was dissolved, and the action dismissed. From this decision the plaintiff appealed.

*Hopkins & Foote*, for appellant:

1. Section 105, chapter 18, R. S., is unconstitutional, at least so far as it relates to sureties, because it deprives them of the right of trial by jury. Sureties had this right when the constitution was adopted; and by section 5, article 1, it must *remain* inviolate; that is, *full* and *perfect* as it was before. *Gaston v. Babcock*, 6 Wis. 506; *Pratt v. Donovan*, 10 id. 378; *Stilwell v. Kellogg*, 14 id. 461. Again, the statute deprives a party of his property without due process of law, in violation of the constitution. *Pratt v. Donovan, supra*. There is a difference in the liability of the collector and his surety. The latter is innocent, and his obligation is simply one of contract, and can be enforced only after a judicial determination that the conditions of the bond are broken. On all bonds not given in judicial proceedings, parties are entitled to their day in court. 2. Section 105 applies only to town treasurers and their sureties, and section 163 of the same chapter, while it imposes the same penalties and liabilities upon city treasurers as are provided for town treasurers is

utterly silent as to *sureties*. And this being in the nature of a penal statute, the court will not supply the omission of the legislature. 3. The plaintiff has not an adequate remedy at ʌaw. He is the member of a mercantile firm doing an extensive ɒusiness. In such business credit is essential. But to advertise the plaintiff's interest therein, and put it up for sale under a summary process, can have no other effect than to impair the credit of the firm in all commercial centers—possibly ruin it. To prevent such disastrous results is certainly within the province of equity. *Morrison v. Blodgett*, 8 N. H. 238.

*F. Q. Ball*, Dist. Att'y, and *Spooner & Lamb*, for respondents, in defense of the constitutionality of section 105, chapter 18, R. S., relied on *Murray's Lessees v. The Hoboken L. & I. Co.*, 18 How. 272, and on 11 Ga. 219; 1 Denio, 237; 9 Wend. 31; 4 Mich. 446, and 26 N. Y. 514. 2. That section 105 must apply equally to city treasurers and their sureties as to those of towns, is settled by R. S., chapter 5, section 20. 3. Though the warrant were illegal, still an action would not lie to enjoin a sale of personal property under it. 18 Wis. 247; id. 257; 20 id. 639.

DIXON, C. J. It is very clear that this is not a case where equity will interfere by injunction to restrain the proceedings. They were proceedings instituted under section' 105, chapter 18, R. S., to compel the payment into the county treasury of taxes collected for the county by the treasurer of the city of Madison, who was in default; and the warrant was levied by the sheriff on the *personal* property of the plaintiff, *Lenz*, who was one of the sureties of the city treasurer. In respect to the injuries complained of, therefore, the action is not distinguishable from those of *Van Cott v. Board of Supervisors of Milwaukee Co.*, 18 Wis. 247; *Cramer v. The City of Milwaukee*, id. 257; and *Chicago & N. W. Railway Co. v. The Borough of Ft. Howard*, 21 id. 44; and it must be governed

by the same principle. The plaintiff has an adequate remedy at law to recover his damages, and to that remedy he must resort.

The other question, as to the constitutionality of the statute under which the warrant was issued, is not in strictness before us for consideration. It is not a question in the case, nor involved in its decision, and I always feel the greatest hesitation in expressing an opinion which is merely *obiter*. It is a practice which cannot be justified except under very peculiar circumstances, and even then the opinion goes for nothing, according to correct rules for the interpretation of judicial decisions. Yet, as the question was pressed upon our attention by counsel for both parties, and an expression of opinion asked, and as it is a question of very considerable importance to the parties, and especially to the defendant *Charlton*, who is a public officer, and feels himself obliged to carry out the requirements of the statute, we have examined it and are prepared to give an opinion upon it. We are prepared to say, for the benefit of the parties to this suit — for we can go no further — that in our opinion so much of the statute as authorizes or attempts to authorize the issuing of the warrant in such cases against the property of sureties of the town treasurer, is unconstitutional and void. The constitutionality of the statute so far as it authorizes the issuing of the warrant against the town treasurer, is undoubted. This is fully established by the several decisions referred to by counsel for the defendants, and to which many others might be added. The principle upon which these decisions rest is, that funds belonging to the government in the hands of any citizen who has made default in not paying them over, may be collected by this summary process without the intervention of a jury. The principle is founded upon an imperative public necessity that the government or sovereign authority should be able to control the funds of which it is the owner, without the uncertainties, vexation and delay which attend the investigation and trial of

causes in courts of law. The statement of the principle, and of the reason on which it is founded, at the same time shows the extent of its application. It is limited to the collection of funds in the hands of a citizen, of which the government is in fact owner, and as such includes moneys due from a defaulting tax payer, tax collector, receiver or depositary of public moneys, or other financial agent of the government, whose liability may be thus summarily enforced without the intervention of a jury, by process in the nature of an execution to be forthwith issued against him, and which liability constitutes an exception to the right of trial by jury as guarantied by the constitution. In our examination of the authorities, we have met with no case in which the distinction between a liability of this nature and one upon contract with the government, was noticed, or where it became necessary to notice it, except in *Tift v. Griffin*, 5 Ga. 185, 193, and one other case before the same court. Nearly all of them were cases falling within the principle above stated, like that of *Murray's Lessee et al. v. Hoboken Land & Improvement Co.*, 18 How. (U. S.) 272, cited by counsel. But in *Tift v. Griffin* the question here presented was involved, and the court, in an opinion of very marked ability and learning, held that a liability upon contract, and not for money wrongfully withheld by a tax payer or tax collector, or other financial agent, could not be enforced by this summary process. We commend the opinion in that case as in our judgment a correct exposition of the law upon the questions under consideration. It is true, that in the subsequent case of *Bassett v. The Governor*, 11 Ga. 208, a similar question was presented with apparently the very opposite decision. The latter was a case, like the present, of an execution issued against a tax collector and his sureties under a statute of the state; and the opinions in both cases were written by the same learned judge. It seems very strange that, though the objection of unconstitutionality was taken by counsel, it did not arrest the

attention of the court. It was not alluded to at all in the opinion, nor was the former decision cited or mentioned by court or counsel. It seems impossible for us to perceive how the two cases can be distinguished, or the decisions reconciled; and we can account for the latter only on the supposition that the objection was entirely overlooked by the court. It must have been so, or else something would have been said either explaining or qualifying the former decision, or overruling it. The liability of the sureties is clearly a matter of contract between them and the public authorities, and not a liability growing out of any neglect or default on their part in not paying over moneys in their hands belonging to the government, which last constitutes the only true foundation upon which summary process of this kind may be constitutionally issued against the persons therein named.

It follows from our views of the first question above discussed, that the judgment of the circuit court must be affirmed, though, if the last had been the question actually involved, the decision must have been the other way.

*By the Court.* — Judgment affirmed.