## QUINNEY VS. THE TOWN OF STOCKBRIDGE.

TAXATION. (1) *Averment that land is exempt, effect of.* (2) *Lands held by Indians "by purchase" not exempt.*

INJUNCTION. (3) *Not granted against sale of personal property for illegal tax.*

1. In an action to restrain the collection of a tax upon land, an averment that such land is "by the laws of the state of Wisconsin, exempt from taxation," is the statement of a mere *conclusion of law*, and is of no avail unless supported by proper averments of fact.

2. Land in this state held by a person of Indian blood, if acquired by him *or his ancestor* "by purchase," in the sense of the payment therefor of a valuable consideration, is not exempt from taxation under subd. 7, sec. 4, ch. 18, R. S. *Farrington v. Wilson*, 29 Wis., 383, distinguished.

3. It is well settled in this court, that the writ of injunction will not be granted to restrain the distress and sale of personal property for taxes, on the ground that such taxes are illegal.

APPEAL from the Circuit Court for *Calumet* County.

Action to restrain the *Town of Stockbridge* and *D. J. Millar,* the town treasurer, from enforcing the collection of a tax assessed against plaintiff's land.     The complaint alleged that plaintiff is an Indian of the Stockbridge tribe, and not a citizen of the United States or of Wisconsin, and owned the land in question, not by purchase, but by descent as heir-at-law of John W. Quinney, deceased, and that by the laws of the state the land is exempt from taxation; that the land was assessed contrary to law; that the assessor and supervisors willfully and fraudulently, with intent to injure the plaintiff, assessed said land at a greater sum, compared with other lands, than it should have been; that a warrant for the collection of said tax has been placed in the hands of said *Millar,* who, by virtue thereof, has seized a horse rake and harrow, property of the plaintiff, and has advertised the same for sale, and will sell them to satisfy said tax, unless restrained, etc.   Prayer, for judgment restraining such sale, and all proceedings for the collection of such tax, and setting aside such tax and assessment, etc.   The defendant town answered, denying that plaintiff was entitled to any immunities extended by law to Indians, because he lived apart from and was not connected with any tribal organization. The answer also alleged that the land was subject to taxation, and that the valuation was fair, and the tax properly chargeable upon the land.   The answer of *Millar* alleged that plaintiff's land belonged to him in fee, and was not exempt from taxation, but was properly and legally chargeable with the tax in question.   The court having granted a preliminary injunction upon the complaint, restraining the enforcement of the tax, a motion to dissolve was heard upon the complaint and answers; and the court denied the motion, and continued the injunction; from which order defendants appealed.

*J. W. Bass,* for appellants, with *E. S. Bragg,* of counsel, argued, among other things, that the language of the statute exempting from taxation "the property of all Indians who are not

citizens, except lands held by them by purchase," only applied to Indians who retained their tribal relations, and when they abandoned these, as plaintiff had done, they ceased to be Indians within the meaning of the statute. Again, plaintiff's land falls within the exception of the statute, "except lands held by them by purchase." The words "by purchase" are not to be construed in their technical sense, as meaning the acquiring of an estate by any means other than by operation of law, but are used in contradistinction to Indian title, meaning when held in fee, in severalty, or in common, an estate in which the sovereign title had been transferred from the government to the individual, so that the exclusive ownership was in the individual. The land in question belonged to John W. Quinney in fee. He took by purchase from the United States. Sec. 10, U. S. Statutes at Large, 746. The land, when vested in complainant's ancestor, was held by purchase in its most technical sense, and passed to the heir *cum onere*. Indeed, the claim of plaintiff to take by descent shows that the property was not held by Indian tenure, and the assertion of heirship is made by him, not as an Indian of a tribe, where there are no heirs in a legal sense, but as a person of Indian blood, acknowledging the white man's law and defining his status by claiming and holding under it.

*Priest & Carter*, for respondent, argued, *inter alia*, that the principal material allegations of the bill (except as to the assessment and proceedings to collect the tax, which were admitted), viz: that plaintiff was an Indian and not a citizen, that he was the owner of the land, and that it was not held by purchase, were not denied in the answer, and were therefore to be taken as true on the motion to dissolve. *Rembert v. Brown*, 17 Ala., 667; *Brown v. Stewart*, 1 Md. Ch., 87; High on Injunctions, §§ 882–886, and cases cited. A distinction is to be taken between an action of this nature, where the tax is alleged to be void for the reason that the property is not taxable, and cases of mere irregularities in the proceedings. In the latter class of

cases it is conceded that an injunction will · not ordinarily issue; nor will it usually issue to restrain the sale of personal property, the value of which can be ascertained and recovered in a suit at law. But where it appears that the property on which the tax is assessed is clearly not taxable, and the proceedings are all regular, the irregularity depending upon facts *dehors* the record, plaintiff may invoke the aid of equity to save his property before it goes beyond his reach. Defendant not having taken any objection by answer to the jurisdiction of the court on the ground that plaintiff has an ample remedy at law, can not now avail himself of that objection. *Peck v. School District No.* 4, 21 Wis., 516.

DIXON, C. J. The complaint fails to state facts showing that the title of the land is not held by purchase, within the rule laid down, and according to the construction given the statute, in *Farrington v. Wilson*, 29 Wis., 383. It fails, therefore, to show that the land is exempt from taxation, and so states no cause of action. The allegation that the land is " by the laws of the state of Wisconsin exempt from taxation," is the statement of a mere conclusion of law, which, being unsupported by the proper averments of fact, goes for nothing. For aught that is alleged in the complaint, the land may have been held by John W. Quinney, the ancestor of the plaintiff, " by purchase," according to the definition given those words and the interpretation put upon the statute in the case above referred to, which would make the land taxable; John W. Quinney, or the person from whom he acquired, may have held " by purchase " in the ordinary and popular acceptation, that is, *for a valuable consideration paid for the land;* and if such was the nature of his tenure or the manner in which his title was acquired or had its origin, then the land was taxable against him, even though he was a person of Indian blood, which the complaint does not state; and being so taxable, the taxable quality was not lost or destroyed by the descent to the plaintiff. The

Quinney vs. The Town of Stockbridge.

correctness of this proposition is evident, upon the construction of the statute formerly given.    It was there said in the opinion : " An Indian who has so far learned the ways of the white race and adopted their habits of thrift and economy as to be able to buy land and pay for it, as some of them have done, will probably by the same means have sufficient money and business sagacity to care for and pay the taxes which may be assessed upon it.    The lands of such Indians were regarded as the proper subjects of taxation, and it was such lands and such alone, ' held by them by purchase,' that were intended to be taxed by the exception appended to the exemption clause." Such being the character of the holding by the Indian ancestor, it would be absurd to say, under the statute and in giving effect to its provisions, that the tenure by purchase changed, and the taxable quality of the land ceased, on transmission of the estate to the Indian heir.    Such clearly could not have been the legislative intent ; and the proper construction of the statute undoubtedly is, that land once being taxable under its provisons will thenceforth so remain through all subsequent changes and transmissions of the title, whether by descent or otherwise, and whether to persons in whole or in part of Indian blood, and regardless of what may be their status and condition.

Another objection, to the complaint, as not stating a cause of action, is, that the object of the action, appears to be to restrain the collection of taxes by distress and sale of personal property.    The complaint charges the seizure of certain personal property belonging to the plaintiffs, by the treasurer, under and by virtue of the warrant for the collection of the taxes, and asks an injunction to prevent the treasurer from selling the same.    It is well settled, in this court at least, that the writ of injunction will not be granted for such a purpose, and that the illegal seizure and threat of the officer to sell the goods and chattels of the plaintiff constitute no ground for equitable interference.    *Van Cott v. Board of Supervisors of Milwaukee Co.*,

18 Wis., 247; *Chicago & Northwestern Railway Co. v. Borough of Fort Howard*, 21 Wis., 44.

The order granting the temporary injunction was improperly made in the first place, and should have been vacated, and the injunction dissolved, on the motion of the defendants.

*By the Court.*—The order denying the motion to dissolve is reversed, and the cause remanded with directions that the same be allowed.

COLE, J.    I take this opportunity to say that I did not concur in the decision of the court in *Farrington v. Wilson.*    I dissented in that case, but the published report does not show this.    I deemed it unnecessary then, and do now, to state the grounds of my dissent.    I wished merely that the fact should appear in the subsequent reports.