GILKEY and others, Appellants, vs. THE CITY OF MERRILL, Respondent.

*November 26 — December 14, 1886.*

*Taxation: Equity: Action to set aside entire assessment.*

An action will not lie by a tax-payer to set aside the taxes of a city or other municipality generally, upon his own and all other property within the municipality. The word "assessment" in sec. 1210*b*, R. S., and the acts amendatory thereof, is used not for the purpose of extending the jurisdiction of the courts of the state, or as declaratory of such jurisdiction, but simply for the purpose of indicating what should be done in case a tax certificate or tax deed should be set aside by the courts for some irregularity in the assessment.

APPEAL from the Circuit Court for *Lincoln* County.

The facts are stated in the opinion.

The cause was submitted for the appellants on the brief of *Cate, Jones & Sanborn*, and for the respondent on that of *Bump & Hetzel*.

TAYLOR, J. This is an appeal from an order of the circuit court sustaining a demurrer to the complaint in the action. The grounds of the demurrer are that the complaint does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject of the action.

The object of the complaint is to set aside the entire assessment of the property within said city made for the year 1885, upon which the taxes for the year are to be apportioned and collected. At the time the action was commenced no taxes had been extended upon the assessment, and no tax roll for the year had been made out. The effect of the action, if successful, would be to declare the entire assessment for the year invalid, and to prevent

any levy or collection of any tax thereon for that year, and probably prevent the collection of any tax in the city for the year.

We think this court has distinctly decided that such an action cannot be maintained. This·court held in *Judd v. Fox Lake*, 28 Wis. 583, that a court of equity would not interfere in any case to restrain the collection of a tax, unless such tax created a cloud upon the plaintiff's title to real estate. Chief Justice DIXON, in the opinion in that case, says: "The other cases in this court where it has been held that chancery will interfere to stay proceedings for the collection of a tax are all such as range themselves under another distinct head of equity jurisprudence. They were all suits in the nature of a bill *quia timet*, to remove a cloud from the title to real estate, where, upon the face of the proceedings to impose the tax, or by operation of law, the tax was an apparently valid lien on the land, and extrinsic evidence was required to show its invalidity." A tax does not become a lien or cloud upon the title to real estate merely because a tax has been voted by the town or ordered by law, nor by the making an assessment of the property of the town or city.

If a conveyance of real estate, by deed containing a warranty against incumbrances, be delivered before the taxes are extended upon the tax roll, such warranty would not be broken by the fact that the taxes were voted by the town, city, or county board, or directed to be levied by a general law of the state, unless the tax was, before the delivery of the deed, extended upon the tax roll against the specific property conveyed. Sec. 1153, R. S. 1878. In the case above cited, Chief Justice DIXON further says upon this point: "Under our statutes, a tax upon real estate becomes a lien thereon from the time of its assessment and extension upon the tax roll."

The rule of this court that an equitable action will not

lie to restrain the collection of a tax upon personal property (see *Van Cott v. Sup'rs of Milwaukee Co.* 18 Wis. 247; *Lenz v. Charlton,* 23 Wis. 478; *C. & N. W. R. Co. v. Fort Howard,* 21 Wis. 45; *Quinney v. Stockbridge,* 33 Wis. 505), as well as the rule that one person cannot maintain an action in equity to set aside any tax upon real estate, except upon such as he owns or has some interest in, and that two persons cannot be properly joined as plaintiffs in the same action to set aside taxes which are a lien upon their separate property only (see *Newcomb v. Horton,* 18 Wis. 566; *Barnes v. Beloit,* 19 Wis. 93), are all in harmony with, and in affirmance of, the rule that an action will not lie by a tax-payer to set aside the taxes of a city or other municipality generally, upon his own and all other property within the municipality.

In *West v. Ballard,* 32 Wis. 168, 172, Justice LYON says: "In the absence of precedent or authority, and in view of the embarrassments in the collection of the public revenues which would inevitably result were courts of equity to take cognizance of such actions as the present one, we are constrained to hold against the jurisdiction." See, also, *Ballard v. Appleton,* 26 Wis. 67.

It is urged by the learned counsel for the appellant that because the word "assessment" is used by the legislature in the several laws referred to, which prescribe what shall be done in certain cases where "actions are brought to set aside or avoid any assessment, tax, or tax proceeding," it must be presumed that the legislature intended to extend the powers of a court of equity to cases of this kind, though not within the jurisdiction of such court by the rules of law theretofore laid down by this court. The statutes referred to are sec. 1210*b*, R. S. 1878; sec. 5, ch. 255, Laws of 1879; ch. 128, Laws of 1881; and ch. 283, Laws of 1883. These laws were passed for the avowed purpose of preventing a party who might set aside a tax for some defect in the assessment,

which affected all the property of the town or municipality in which his lands were situated, from obtaining relief without first paying such sum as he ought in justice to pay, and not for the purpose of conferring or extending the jurisdiction of a court of equity, except so far as it was necessary to accomplish the object of the law.

The word "assessment" in sec. 1210b, R. S., and the acts amendatory thereof, was evidently used, not for the purpose of extending the jurisdiction of the courts of the state, or as declaratory of such jurisdiction, but simply for the purpose of indicating what should be done in case a tax certificate or tax deed should be set aside by the courts for some irregularity in the assessment. This is made clear by the amendment of the section by ch. 255, Laws of 1879, which clearly contemplates that in every action to which said section as amended is applicable, the taxes chargeable to the land must have been extended upon the tax roll before the action was commenced, as the question as to the costs of the action is made to depend on the question whether the taxes imposed upon the plaintiff's land under the new assessment is greater or less than those imposed on the same when the action was commenced. And the proviso at the end of the section, which declares that the judgment in any such action shall not affect the validity of any tax against any other person than the parties to the action, or any lands other than those described in the complaint, clearly recognizes the rule laid down by this court in the cases cited above, that no action can be maintained by one person to set aside taxes generally, as to all parties in the town, county, or municipality.

The demurrer to the complaint was properly sustained.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.