Common Pleas Court of Hamilton County.

MADELINE R. STRICKER v. GEORGE C. BRADEN, ET AL.

Decided December 16, 1933.

*Stricker & Johnson,* for plaintiff.

*John W. Bricker,* attorney general, *Louis J. Schneider,* prosecuting attorney, *Walter M. Locke,* asst. prosecuting attorney, for defendants.

MORROW, J.

This case concerns a tax question. The defendants are the Tax Commission of Ohio and the Auditor and Treasurer of Hamilton County.

The plaintiff owns certain shares of stock in an Ohio corporation, known as The Alaska Realty Company. The

EDITOR'S NOTE:

A different view of what is necessary to be pleaded to raise a question under the Federal Constitution was taken by the Court in an opinion on rehearing in this case. This opinion will be found in 32 N..P. (N.S.), 209.

articles of incorporation of this company set forth its purpose to be the acquiring, holding, owning, selling and leasing certain real estate in Cincinnati and the distribution among its shareholders of the net rents acquired. The company has no power to own, operate or lease any other real estate or engage in any other enterprises.

This company, in January, 1929, executed a perpetual lease of all of its property to The Rollman & Sons Company, another corporation, for a period of ninety-nine years, renewable forever.

Plaintiff states there has been paid to her by The Alaska Realty Company, in the form of dividends on her shares of stock, $10,408.45, which sum was derived solely from rents paid by The Rollman & Sons Company to The Alaska Realty Company under the lease.

She has filed with the defendant auditor her individual return of tangible property for 1933, and has paid to the defendant treasurer one-half of the tax "lawfully due under the Intangible Tax Act of Ohio, in accordance with said return."

Plaintiff states that she has fully listed the taxable property required by law to be listed, including her shares of dividends derived from said rents on said real estate, but has not included the amount of said rents or dividends as "income yield" subject to tax.

She says further that Section 5323, of the General Code, excepts from taxation as investments "interests in land and rents and royalties derived therefrom, other than equitable interests divided into shares evidenced by transferable certificates," but does not exempt from taxation as investments, equitable interests in lands and rents derived therefrom when evidenced by transferable certificates.

She says:

A. That said 61.191/200 shares of stock owned by plaintiff in said The Alaska Realty Company are in law and fact merely equitable interests in land and rents derived therefrom, evidenced by transferable certificates, and that the assessment and collection of taxes on plaintiff's said equitable interests in land and rents evidenced by transferable certificates, when all other equitable interests in land not so evidenced are exempted from tax, is an arbitrary, ca-

pricious and unreasonable discrimination without warrant of law, and amounts to a taking of private property without due proces of law, and denies to plaintiff, who is a citizen of the United States, the equal protection of the laws, in violation of plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States, Article XIV, Section 1, of the Amendments thereto.

B. Plaintiff further says that the lands in which plaintic has such equitable ownership as aforesaid, have been assessed in the names of the legal owners or lessees thereof according to their value, without any deduction or diminution of plaintiff's interests in said lands; and that the levying and collection of taxes on her said equitable interests in the lands so assessed, at full value, in the names of the owners or lessees, constitutes double and unequal taxation, in violation of the Constitution of Ohio, and Article XII, Sections 2 and 5 thereof.

C. Plaintiff further says that equitable interests in land, whether evidenced by transferable certificates or not, constitutes an interest in real estate within the purview and meaning of Section 5322 of the General Code of Ohio, defining real property and land; and that Section 5323 of the General Code of Ohio, insofar as it purports to tax equitable interest in land other than by uniform rule, is contrary to Article XII, Sec. 2, of the Constitution of Ohio, which provides that "lands and improvements thereon shall be taxed by uniform rule according to value."

D. Plaintiff further says that inasmuch as said dividends were derived solely and exclusively from rents collected by The Alaska Realty Company, under the terms of said lease, they are expressly exempt from tax under Section 5323 of the General Code of Ohio.

Plaintiff says further that the defendants intended to assess, threaten to assess, and unless restrained by order of this court, will assess the Ohio Intangible Property Tax on plaintiff's said equitable interest in said land and rents, and will attempt to collect said tax, to the great and irreparable injury of plaintiff and that plaintiff is wholly without adequate remedy at law.

She therefore asks that Section 5323, of the General Code, insofar as it purports to tax equitable interests in lands

and rents derived therefrom, and dividends collected solely and exclusively from rents derived from lands, when such equitable interests and rents are evidenced by transferable certificates, be declared illegal, unconstitutional and void, and she asks for a temporary restraining order, restraining such assessment and collection, and that upon final hearing the restraining order by made a perpetual injunction.

The paragraphs marked A, B, C and D of the Petition above quoted in substance, have been set forth in full, and for the reason that the defendants have moved to strike said paragraphs from the petition, "and/or each and every sentence in each of said paragraphs, for the reason that each of said paragraphs and each sentence in said paragraphs state a conclusion of law and/or fact of the petitioner."

It is contended by the plaintiff herein that the defendants are seeking by a motion to strike, to test the legal sufficiency of the petition. The legal sufficiency of a pleading is raised by demurrer and not by a motion to strike.

However, on account of the importance of this case and the principles involved, we deem it necessary to go into this matter somewhat fully. In the first place, we must criticise the attempt on the part of the defendants to strike out what they call "a conclusion of law and/or fact." In breaking up this phrase, if it be meant in part to strike a conclusion of fact, let us say at the outset that in our opinion the phrase "a conclusion of fact" is merely another way of characterizing an ultimate fact, and under the Code, ultimate facts must be and are properly plead. We will advert later to this.

We are comforted at the outset by certain statements of text-writers. For instance, *Phillips on Code Pleading,* page 342, paragraph 346, states:

"The line of demarcation between what are ultimate facts and what are conclusions of law, is one not easy to be drawn in all cases."

See also *Bates' Pleading, Practice, Parties and Forms,* 4th Ed. 236-a:

"It is not easy to determine, and less easy to describe, what is a conclusion of law, and what is merely an ultimate

fact, and what allegation is a compound of law and fact, permissible in certain connections to avoid prolixity, and in other connections is bad pleading."

We were also warned by the following pronouncements:

"The power of striking out should be cautiously exercised, for it may do injustice, as it disposes of the pleadings and strikes them from the record in a summary way." 15 *Howard's Practice*, 186.

Also—

"The court should exercise its power under a motion to strike out, with reluctance and caution, for if material matter be stricken out it will be error, while refusal to strike out will seldom be to the prejudice of any one." *Phillips on Code Pleading*, par. 282, page 265.

(A)—It of course is well established that a legal conclusion is out of place in a pleading under the Code.

"When a legal conclusion is pleaded, the pleading is demurrable, but where sufficient facts are blended with legal conclusions, the remedy is by motion. If the objectionable matter may be separated from the other, it may be stricken out."
See page 344, par. 346, *Phillips on Code Pleading*.

*Bliss on Code Pleading*, 3rd Ed., page 328, par. 210, Rule VI, states

"Conclusions of law should not be pleaded."

Also:

"The rule given in this connection to show as far as we can the difference between an admissible conclusion of fact and conclusions of law. The facts which are but the logical conclusion from other facts must, as we have seen, be stated. The facts from which they are inferred are but evidence, but a conclusion of law, although of a fact, is not allowed."

As is said in *Kincade*, Section 50 (a), 2nd Ed.;

"Pleading legal conclusions and according to the legal effect are more evils of the common law, which the new system is designed to discard."

See also *Nash's Pleading*, Vol. 1, page 100, par. 213:

"Legal conclusions are out of place in pleadings." See *R. R. Co.* v. *Moore,* 33 O. S., 384, and *R. R. Co.* v. *Wilson,* 31 O. S., 555.

The reason why legal conclusions are open to motion to strike is given in an early California case.

"They fall into the category of immaterial and redundant matter, which is always objectionable in a pleading."
See *Green* v. *Palmer,* 15 Calif. 414; 70 *American Decisions,* page 492.

B. As to our early Ohio authorities, we have the following statement in *Kincade,* Section 50 (a) 2nd Ed.—

"There are at least two instances where our courts still sanction pleading according to the legal effect * * * * * where the legal effect of the facts and the facts are so closely allied or blended together that it is difficult, if not quite impossible, to separate them in the allegation."

Kincade cites as his authority for this statement the early code pleading book *Swan's Pleading and Precedents,* Swan says on page 157:

"But if they (conclusions of law) contain the elements, also, of a fact, construing the language by its ordinary meaning, then force and effect must be given to them as allegations of fact; but if they are so uncertain, indefinite or inferential, that the precise nature of the charge or defense is not apparent, the court on motion will require the pleading, in this respect, to be made more definite and certain by amendment. * * * *
But inferential allegations and statements of the legal effect of facts, cannot be demurred to, if they contain, with the other allegations of the pleading, facts sufficient to constitute a cause of action or defense."

Swan further says on page 159:

"But there are many cases in which it is proper and more concise, to state simply the legal effect of a fact; as in the illustrations already given, when 'Necessaries' are furnished to an infant, or when a deed or mortgage is alleged as having been made, or the ownership of property is averred; in these, and many other cases, the legal effect of a fact is the proper mode of allegation, under the Code, as it was at common law."

(C) Bearing these statements of text-writers in mind, and their observations with reference to the question of separating conclusions of law from ultimate facts, which latter the Code provides shall compose pleadings, let us cite certain cases which seem to bear particularly upon the questions at issue here.

We have seen pleadings where constitutional questions are raised, in which a long list of articles and sections of Constitutions of the State and United States, as well as sections of statutory law, are set forth in petition, and where the enumeration of these articles and sections and statutes follows a statement, fortified by adjectives and adverbs, that the enumerated laws have been violated and disregarded. This has not been an unwarranted in any measure.

For instance, the case of *Miles* v. *McDermott,* 31 Calif., 271, syllabus 3 states as follows:

"The words 'duly', 'wrongfully' and 'unlawfully', when used in connection with issuable facts, are surplusage, and had better be omitted."

See also 16 Calif. 574, *Halleck, et al. Executors* v. *Mixer*:

"The averments in such complaint of 'unlawful and wrongful' * * * * may be stricken out as surplusage."

See also *Kansas Gas & Electric Co. et al.,* v. *Public Service Commission, et al.,* 122 Kansas, 462, syllabus 3:

"Conclusions of law.——An allegation in a petition than an order of an official body is arbitrary, unlawful and unreasonable, is merely the pleading of a conclusion of law, and not a statement of facts on which a cause of action may be founded."

See also *Quincy* v. *Town of Stockbridge,* 33 Wis., 505:

"An averment that land is 'by the laws of Wisconsin exempt from taxation' is a statement of a mere conclusion of law, and is of no avail."

See also *Jones, Auditor,* v. *Commissioners,* 57 O. S., 210:

"It is conceded that the word 'unlawfully' imports a legal conclusion, rather than an allegation of fact, and adds nothing to the pleading."

A review of the above authorities reaffirms that it is proper in Code pleading to state in ordinary and concise language (see Section 11305, General Code) the set of facts which are relied upon as a cause of action. It would seem therefore unnecessary to use many adverbs or adjectives to refer to or to seek to tie up the facts with legal conclusions.

(D)—The plaintiff's attorney argued very ably that he should be allowed in this case to specify what he conceives to be the violations of the Federal Constitutional in order to insure a review of this case by the Federal Supreme Court. In answer to this argument, it seems to me that if a man stated he had been in prison for a felony, for instance, without presentment to a grand jury and trial by a jury of his peers, that his case would be reviewed by the Supreme Court of Ohio without the necessity of his pointing out by citation of the Constitution in detail, a violation of his rights as a citizen of Ohio. For the same reason it seems to us now that a bare statement as to what is done and sought to be done by the Tax Commission is sufficient to insure review by the Supreme Court of the United States if that statement of facts imports a violation of the plaintiff's rights under the Constitution of the United States.

With this in mind the paragraph marked "A" is changed by the elimination of certain words, so as to read as follows:

"Plaintiff says that said 61.191/200 shares of stock owned by plaintiff in said Alaska Realty Company are in fact equitable interests in land and rents derived therefrom, evidenced by transferable certificates, and that the assessment and collection of taxes on plaintiff's said equitable interest in land and rents evidenced by transferable certificates, is a taking of private property without due process of law, and denies to plaintiff, who is a citizen of the United States, the equal protection of the laws."

Paragraph "B" will have certain words and phrases eliminated therefrom, so as to read as follows:

"Plaintiff furthers says that the land in which plaintiff has such equitable ownership as aforesaid, have been assessed in the names of the legal owners or lessees thereof according to their value, without any deduction or diminu-

tion of plaintiff's interests, and that the levying and collection of taxes on her said equitable interests in the lands so assessed at full value, in the names of the owners or lessees, constitutes unequal taxation."

I might say in this connection, as was stated in *Ganson, et al,* v. *Heuck,* 30 N. P. (N. S.) 323, that the amendment of Article XII, Section 2, of the Ohio Constitution, effective January 1, 1931, warrants double taxation in this state, though possibly this matter should be argued on demurrer.

Paragraph "C" should be changed by striking of certain words, so as to read as follows:

"Plaintiff further says that equitable interests in land, whether evidenced by transferable certificates or not, constitutes an interest in real estate, and that lands and improvements thereon shall be taxed by uniform rule according to value."

Paragraph "D" should have certain words and phrases stricken from it, so as to read as follows:

"Plaintiff further says that said dividends were derived solely and exclusively from rents collected by The Alaska Realty Company, under the terms of said lease and they are expressly exempt from tax."

It probably is true that there are still left in these paragraphs certain statements which might be denominated conclusions of law, but they are so mingled with the other proper allegations, that we deem it not improper to allow them to stand, in view of the pronouncement by early Code Pleading authors, and the difficulty of extricating them from their associations with statements of ultimate facts.

We maintain, on the other hand, that as altered by this motion to strike, the pleading still contains a statement of the ultimate facts such as will admit of review in the United States Supreme Court, and that it is not necessary to plead conclusions of law, setting forth violations of the Federal Constitution, in order to obtain a review by the United States Supreme Court.